[No. 10,132.]

## THE PEOPLE *v.* JESUS ALIBEZ.

Indictment Charging more than One Offense. — An indictment which charges the defendant with the murder of three persons, charges three offenses.

Idem.—An indictment must charge but one offense.

Appeal from the District Court, First Judicial District, County of San Luis Obispo.

The facts are stated in the opinion.

*Wm. J. Graves,* for the Appellant.

*Attorney-General Love,* for the People.

By the Court, Wallace, C. J.:

The indictment, containing but a single count, charges that the defendant "unlawfully and with malice aforethought, and in and upon P. Alibez, C. Alibez and R.

Alibez did willfully, unlawfully, maliciously and feloniously administer a poisonous drug, known as strychnine, with intent them, the said P. Alibez, C. Alibez and R. Alibez, to unlawfully and maliciously kill and murder, and did maliciously, unlawfully and feloniously then and there, by administering said poisonous drug, to-wit, strychnine, unlawfully, premeditately and with malice aforethought, kill and murder the said P. Alibez, C. Alibez and R. Alibez, contrary to the form, force and effect of the statute," etc. The defendant filed a demurrer to the indictment, on the ground that it charges more than one offense; the demurrer was overruled.   A trial was subsequently had upon a plea of not guilty, and a verdict of guilty of murder in the first degree having been found by the jury, the defendant moved the Court in arrest of judgment, upon the ground that more than one offense had been charged in the indictment.   The motion was denied, and judgment having been rendered upon the verdict, the case is brought here upon appeal.

The statute (Penal Code, 954), under which the proceedings in question were had, distinctly provides that the indictment "must charge but one offense," while it is self-evident that the indictment here, charging the defendant, as it does, with the murder of three persons, necessarily charges three offenses.   The slightest examination of the statute upon the part of the District Attorney, in the first instance, would have prevented such a blunder.   Even if he had overlooked it, however, at the outset, it would seem that the demurrer and motion in arrest of judgment subsequently made ought to have called it to his attention.

Judgment reversed and cause remanded, with directions to the Court below to sustain the demurrer to the indictment, and to dispose of the prisoner, with a view to submitting the charge to another grand jury.

Mr. Justice NILES did not express an opinion.