*Fulwood & Murray, R. C. Ellis, C. C. Hall,* contra.

---

### 1934. MITCHELL *v.* THE STATE.

1. While a defendant can not be charged with separate and distinct offenses in the same indictment, yet it is well settled that offenses of the same nature and differing only in degree may be joined in one count in the same indictment; and it is as clearly settled that offenses not of the same nature, if they constitute but one transaction, blended together by concurrent acts, may also be joined in one count.

2. It is a sound and universal rule in criminal pleading that whenever an indictment charges a major offense and the evidence does not support it as to that offense, the jury may convict of any minor offense which is included in the major and to which the evidence applies, upon the familiar maxim omne majus continet in se minus.

3. The opinion of an expert witness is competent testimony to be weighed by the jury to aid them in coming to a correct conclusion; but such tes-

timony is not so authoritative that the jury are bound to believe it and to be governed by it. The jury may deal with such testimony as they see fit, giving it credence or not.

4. Where the identity of the accused as the perpetrator of the offense is clearly and strongly shown by both positive and circumstantial evidence of the most credible and convincing character, a new trial will not be granted on the ground of newly discovered testimony tending to establish an alibi, contained in the affidavit of a witness of doubtful character whose statement does not exclude the possibility of the presence of the defendant at the time and place when and where the crime was committed.

Indictment for assault with intent to rape, from Thomas superior court—Judge Roan. May 1, 1909.

Argued June 22,—Decided July 31, 1909.

The plaintiff in error was indicted for assault with intent to commit rape, and was convicted of assault and battery. The indictment against him is in the following language (omitting merely formal parts): "charge and accuse W. H. Mitchell, of the county and State aforesaid, with the offense of assault with intent to commit rape, for that the said W. H. Mitchell, in the county aforesaid, on the 24th day of September, in the year of our Lord, 1908, with force and arms, and unlawfully, did attempt to commit a violent injury on the person of Lucile Linton, a female, and her, the said Lucile Linton, he did then and there with force and arms, and unlawfully, beat, all of which he, the said W. H. Mitchell, then and there did with the intent and purpose then and there to have carnal knowledge of her, the said female, forcibly and against her will, contrary to the laws of said State, the good order, peace, and dignity thereof." A demurrer was filed to this indictment, (1) because there are three distinct and separate offenses set out in the one count, viz., assault, assault and battery, and assault with intent to commit rape; (2) because there is improperly joined in one count a misdemeanor and a felony; (3) because the indictment is bad as a whole, because it nowhere charges an assault or an assault with intent to rape, but charges an attempt to commit a violent injury, and an intent and purpose to have carnal knowledge of a female therein named: (4) "because there being but one count and it so worded, if a verdict of guilty generally should be rendered, it could not be said from the indictment whether it meant guilty of assault and battery or attempt to rape." The demurrer was overruled, and the defendant excepted.

The defendant's motion for a new trial contains only two grounds: (1) that the verdict was without any evidence to support it, in that the defense of insanity was clearly established by expert testimony, and no proof to the contrary was offered by the State; and (2) because of newly discovered testimony tending to show an alibi. The motion for a new trial was overruled, and the defendant excepted.

*S. A. Roddenbery, Roscoe Luke, Theodore Titus, Reuben R. Arnold,* for plaintiff in error.

*W. E. Thomas,* solicitor-general, *Thomas F. Green,* contra.

HILL, C. J. (After stating the foregoing facts.)

1-2. The demurrer to the indictment was very properly overruled. It is wholly lacking in merit, under well-established rules of criminal pleading as laid down by all criminal-law writers, and under repeated rulings of the Supreme Court. It is true that separate and distinct offenses can not be embraced in one count in the same indictment,—as, for instance, burglary and perjury, larceny and assault and battery,—but it is well settled that offenses of the same nature and differing only in degree may be joined in one count in the same indictment; and it is also clearly well settled that offenses not of the same nature, if they constitute but one transaction, may be joined in one count in the same indictment, —as, for example, assault with intent to murder with shooting, stabbing, assault and battery, and assault; rape with assault with intent to commit rape; assault and battery and assault; burglary and larceny. In all such cases the jury may convict of any minor offense which is included in the major and to which the evidence applies, upon the familiar maxim omne majus continet in se minus. *Johnson* v. *State,* 14 *Ga.* 59; *Gilbert* v. *State,* 65 *Ga.* 450; *Berry* v. *State,* 124 *Ga.* 825 (53 S. E. 316); *Sutton* v. *State,* 124 *Ga.* 816 (53 S. E. 381). The indictment in this case distinctly charges a felony and sets forth the concurrent acts of the defendant in the commission of the felony, the whole constituting but one transaction. An assault with intent to commit rape can be committed without a battery, and can also be committed by means of a battery. If a battery is inflicted as a part of the felony, it is necessary to charge it; otherwise the defendant could not be convicted of assault and battery. But the point is too well settled for further discussion. This case is similar to indictments for assault with in-

tent to murder, which in one count can charge a felony, the use of a deadly weapon with felonious intent, shooting or stabbing, assault and battery and assault, and the jury can convict of either offense according to the testimony; and it has never been seriously questioned that this manner of pleading was not only proper but absolutely essential, to prevent a failure of justice, in many cases. That an assault and battery can be joined, and, to fit the facts in some cases, must be joined in the same count with an assault with intent to commit rape has been expressly ruled by the Supreme Court in the case of *Goldin* v. *State,* 104 *Ga.* 549 (35 S. E. 658). This disposes of the first three grounds of the demurrer. As to the fourth ground, that under the wording of the one count of the indictment, if a general verdict of guilty should be rendered, it would be impossible to tell to what offense the verdict applied, it need only be said that under indictments of this character a general verdict will be construed to apply to the highest offense charged. *Long* v. *State,* 12 *Ga.* 293 (3).

. 3. The first ground of the motion for a new trial is that, under the undisputed evidence, the defendant, if he committed the acts charged against him, was shown to have been at the time not responsible, because of insanity. It is contended, that there was only one expert witness on the subject of insanity, and that he testified, in answer to a hypothetical question embracing the facts and circumstances proved by the State against the defendant, that in his opinion the defendant at the time was insane; that the testing of this expert witness was not controverted by the State, and that, therefore, the jury were bound to accept it as the truth. We know of no authority for the position here stated, and we have been cited to none by learned counsel. In all cases in which expert testimony is introduced, the weight to be attached to such testimony is entirely for the jury, and they are at liberty to accept or reject such testimony. The jury ought not arbitrarily to discredit or reject the testimony of unimpeached witnesses so far as they testify to facts; and a wilful disregard of such facts may furnish ground for a new trial; but there is no such obligation on the jury as to the credit or weight which they should give to the testimony of witnesses who testify merely as to their opinion, and the jury may deal with this kind of testimony as they see proper. Of course, there are questions of skill, science, or art about which the jurors

should ordinarily accept the opinion of those learned in such matters, but the present question is not one of that character. A jury of intelligent men who have heard the facts and circumstances in evidence relied upon to show insanity are fully as capable as a physician of forming an opinion on the subject. But this exact question was expressly decided by the Supreme Court of this State as far back as the case of *Choice* v. *State,* 31 *Ga.* 425 (14), where it was held that "The opinions of experts are competent testimony; and when the experience, honesty and impartiality of the witnesses are undoubted, their testimony is entitled to great weight and consideration. Not that it is so authoritative that the jury are bound to be governed by it. It is intended to aid them in coming to a correct conclusion in the case." The defense of insanity was relied upon in the *Choice* case, and it was contended that the jury were bound by the testimony of experts who were of the opinion, under the facts proved by the State, that he was insane at the time he committed the crime charged against him. See also, on this subject, *Merritt* v. *State,* 107 *Ga.* 679 (34 S. E. 361) ; *Wall* v. *State,* 112 *Ga.* 337 (37 S. E. 371) ; *Baker* v. *Richmond City Works,* 105 *Ga.* 225 (31 S. E. 426) ; 5 Enc. Ev. 637, 641, 643, and many cases cited in the notes. The conclusion of the matter is that the question was for the determination of the jury, and they were not bound to accept the opinion of the one physician in answer to the hypothetical question. They were at liberty to place their own conclusion upon the facts and circumstances embraced in the question; and, so far as this court is concerned, whatever may be the individual opinion of the members thereof, the voice of the jury ends both controversy and speculation.

4. The alleged newly discovered testimony does not, in our opinion, furnish a sufficient reason for granting another trial. It may be stated that the testimony alleged to be newly discovered, under the decision of the Supreme Court in the case of *Fellows* v. *State,* 114 *Ga.* 233 (39 S. E. 885), is not, strictly speaking, cumulative. But even if it were cumulative, if this court thought that it was of such credible character as would probably produce a different result, a new trial would be granted. Newly discovered evidence, although cumulative, may in some cases require the grant of another trial. The main question is not whether the newly discovered evidence is cumulative, but, whether cumulative or not,

would it probably produce a different result on a second trial? Now in this case the positive evidence which identified the defendant as the perpetrator of the offense is so strong, clear, and convincing, and the circumstantial evidence connecting him with the commission of the offense so inconsistent with any rational theory except that of his guilt, that it would be trifling with justice to grant another trial on the alleged newly discovered testimony of one witness claiming to show an alibi; and especially would this be true where, as in this case, this one witness, although sustained by proof of good character, is also shown by counter-affidavits to be a man of bad character and unworthy of credit. It may also be stated in this connection that the alibi sworn to by this witness does not exclude the possibility of the defendant's presence at the time and place of the commission of the crime charged against him. The verdict in this case is fully supported by the evidence, is tempered by the "quality of mercy," and approved by a trial judge of big heart, clear head, and great experience, and this court sees no reason to disturb it.

*Judgment affirmed.*