3931. LAWRENCE v. THE STATE.

1. An indictment under § 162 of the Penal Code (1910), charging the offense of felony, in that the accused did on a certain day mark and brand the animal described in the indictment, in the manner therein set forth and "by then and there altering and changing the mark" on said animal, is not subject to demurrer, either on the ground that it sets forth two separate, distinct felonies in one count, or that it fails to describe how and in what manner the animal was marked or branded before the mark was changed, or how and in what manner the mark was changed. But one offense is charged in the indictment, to

wit, the marking and branding of the animal, the other allegations referring simply to concurrent acts relating to the transaction previously described in the indictment.

2. It is not necessary, to support a conviction under such an indictment, that it should appear that at the time the criminal act was committed the accused knew who was the owner of the animal. As to this matter it is sufficient if it appear that the animal was not the property of the accused and that he marked or branded it in the manner described in the indictment, with an intention to appropriate it to his own use, or to prevent identification by the true owner.

3. It is erroneous to charge the jury that they "may believe that witness who has the best means of knowing the facts about which he testifies and the least inducement to swear falsely," without adding the qualification that the witnesses should be of equal credibility. An instruction of the nature just indicated will, under the facts of the present case, require the granting of a new trial.

DECIDED MARCH 19, 1912.

Indictment for misdemeanor; from Catoosa superior court— Judge Fite. November 24, 1911.

The indictment charged that J. L. Lawrence "did . . . unlawfully and feloniously mark" a certain red steer, the property of J. B. Beaver, "by cutting off a part of the left ear of said steer, and by branding on the left hip of said steer a letter ' L,' and by then and there altering and changing the mark on said steer with the intention to claim and appropriate said steer to his, the said J. L. Lawrence's, own use and to prevent identification by the said owner of said steer." The accused moved to quash the indictment, on the grounds that it charged two separate and distinct offenses in one count, and failed to allege how the steer was marked or branded before the alteration was made, or how or in what manner the accused changed the mark on the steer. Exception was taken to the overruling of this motion, as well as to the refusal of a new trial.

*J. E. Rosser, Maddox, McCamy & Shumate,* for plaintiff in error.
*T. C. Milner, solicitor-general, George W. Stevens,* contra.

POTTLE, J. 1. We agree that § 162 of the Penal Code (1910) defines two distinct offenses; one the marking or branding of the animal, and the other the altering or changing the mark or brand. We also agree that two separate and distinct offenses can not be joined in one count in the same indictment, where the objection is raised on arraignment by motion to quash or special demurrer to the indictment. 1 Bishop, Criminal Procedure, § 432. But we

do not think the indictment in the present case charges two offenses. The offense described in the indictment is that of marking and branding the steer in the manner therein described. The allegation in reference to altering and changing the mark is mere matter of inducement, descriptive of the manner in which the main offense charged in the indictment was consummated. If the indictment had used the disjunctive "or," instead of the conjunctive "and," it would, of course, have been subject to demurrer; because in that case it would have described two separate and distinct offenses, and it could not have been known with which offense the accused stood charged. *Haley* v. *State,* 124 *Ga.* 216 (52 S. E. 159). The test is whether or not the acts described in the indictment relate to but one transaction. If they do, it is well settled that offenses, though not of the same nature, but blended together by concurrent acts, may be joined in one count. *Mitchell* v. *State,* 6 *Ga. App.* 554 (65 S. E. 326); *Lepinsky* v. *State,* 7 *Ga. App.* 285 (66 S. E. 965); *Hall* v. *State,* 8 *Ga. App.* 747 (70 S. E. 211). It is clear that the present indictment relates only to one transaction, and that the averment in reference to altering and changing the mark is simply an allegation of an act which concurred with the act of branding and was a part of that transaction. So construing the indictment, it was not subject to the first ground of the demurrer. *Thomas* v. *State,* 59 *Ga.* 784; *Heath* v. *State,* 91 *Ga.* 126 (16 S. E. 657); *Hale* v. *State,* 120 *Ga.* 184 (47 S. E. 531). Under the construction which we have placed upon the indictment, it was not material that the accused should have been specifically informed as to how the steer was marked or branded before the mark was changed, nor as to the exact manner in which the mark was changed. The offense charged was that of marking and branding, or marking or branding, and this offense is made out when it appears that the accused either marked or branded the steer in the manner described in the indictment. Its previous condition as to marks and brands is not material.

2. In the indictment the steer alleged to have been marked was described as the property of J. B. Beaver; and the evidence warranted a finding that this allegation was true. The court charged the jury, in substance, that if the accused marked the steer, and did it for the purpose of appropriating it to his own use and preventing the owner from identifying it, it would be immaterial whether

at the time the marking was done the accused knew who was the owner of the steer. This is assigned as error. We see no error in this instruction. The indictment did not allege that the accused knew the steer was the property of J. B. Beaver, and it was not necessary that such an allegation should be made. It is not at all certain that it was necessary to allege who owned the steer, but, having alleged it, it was necessary to prove it, and this the State did. The gist of the offense is marking or branding an animal not the property of the person marking it, with the intention of claiming or appropriating it to his own use, or of preventing identification by the true owner, whoever he may be. To make out the offense, it is not necessary to prove that the accused knew who the owner was. It is sufficient if it be shown that the animal was not the property of the accused and that he marked it or branded it for the purpose either of appropriating it to his own use or of preventing identification by its owner.

3. One of the grounds of the motion for a new trial is that the court erred in charging the jury as follows: "In determining the weight you will give the evidence of the witnesses, take their manner of testifying, their interest or want of interest in the case, their feeling, prejudice, bias, relationship to the parties and to the case, or anything of that kind that may appear from the evidence, and you may believe that witness who has the best means of knowing the facts about which he testifies and the least inducement to swear falsely, and under these rules determine what the truth of the evidence is." In the case of *L. & N. R. Co.* v. *Rogers,* 136 *Ga.* 674 (71 S. E. 1102), a new trial was granted on account of an instruction in almost identically the language above set forth. It was held to be error to instruct the jury that they might believe that witness, or those witnesses, who had had the best means of knowing the facts to which they testified, and the least inducement to swear falsely, without the qualification that the witnesses be of equal credibility. Quoting from a former opinion of Mr. Chief Justice Simmons, the Supreme Court said: "Such a witness may for other reasons be entirely unworthy of belief; and certainly it would not then be the duty of the jury to believe him." In the present case the alleged owner of the animal, J. B. Beaver, testified positively as to his ownership. There were several witnesses for the defendant under whose testimony the jury might have found that the animal

which the accused marked did not belong to Beaver, but was an animal which the accused had bought from another person. This being so, under the ruling of the Supreme Court in the case above referred to, the erroneous instruction above quoted required the granting of a new trial.                    *Judgment reversed.*