### ⹀ 3982. BONE v. THE STATE.

The decision in this case is controlled by the ruling of this court in *Caswell* v. *State,* 5 *Ga. App.* 486 (5) (63 S. E. 566). An allegation that the accused unlawfully pointed and aimed a pistol at William Bone and E. B. Corey is not supported by proof that the accused pointed and aimed a pistol at William Bone and Jack Coker; for the reason that the merit of a plea of former jeopardy must be determined by the allegations of the accusation or indictment upon which the former trial was had, and if one be convicted of pointing a pistol at William Bone and Jack Coker, or at William Bone alone, a plea exhibiting an indictment upon which he might have been acquitted or convicted which charged that the pistol was aimed and pointed at William Bone and E. B. Corey would not protect him from being again placed in jeopardy for the same offense. Even allegations originally immaterial may be made material by their averment, and be required to be proved in order to protect the defendant from again being placed in jeopardy for the same transaction.

DECIDED MAY 7, 1912.

Accusation of misdemeanor; from city court of Tifton—Judge R. Eve. January 1, 1912.

*J. J. Murray, C. C. Hall,* for plaintiff in error.

*J. H. Price, solicitor,* contra.

RUSSELL, J. The plaintiff in error was convicted under an accusation charging a violation of § 349 of the Penal Code (1910), and excepts to the refusal of a new trial. The accusation alleged that the accused pointed and aimed a pistol at William Bone and E. B. Corey. There is some evidence which indicates that the defendant might perhaps have been held justifiable in pointing the pistol in defense of her habitation and her children, but we pass this phase of the case, because there is sufficient evidence to have authorized the conviction of the defendant for unlawfully pointing and aiming a pistol at William Bone.

We come, then, to the ground of the motion for new trial in which it is insisted that the verdict is contrary to the evidence and without evidence to support it, for the reason that there is a fatal variance between the allegations and the proof, in that the accused was charged with pointing a pistol at William Bone and E. B. Corey, and the proof shows that the defendant pointed the pistol, if at all, at William Bone, or William Bone and Jack Coker, who were at that time engaged in a hand-to-hand personal difficulty. There is only one question for determination: Will proof that

the accused pointed a pistol at William Bone, or at William Bone and Jack Coker (Jack Coker not even being mentioned in the indictment), support a conviction upon an accusation charging the pistol to have been pointed at William Bone and E. B. Corey? In other words, is the allegation that the pistol was pointed at E. B. Corey so material that a conviction of the defendant was not authorized after it appeared, without dispute, from the evidence that the pistol was in fact never pointed at Corey, nor in his direction? We think the verdict was contrary to the evidence, and that there was a fatal variance between the allegation and the proof. The decision is controlled by the ruling of this court in the fifth division of the opinion in *Caswell* v. *State,* 5 *Ga. App.* 486 (63 S. E. 566). The statement that the accused pointed the pistol at E. B. Corey might originally have been immaterial, but when it was charged that the pistol was pointed at him as well as at Bone, the allegation became a material one, and any other ruling would deprive the accused of the right to plead former jeopardy, as well as tend to confuse her in making her defense. As was said in *Caswell* v. *State,* "A plea of not guilty puts in issue every allegation in the accusation which is material to the offense charged. Allegations not necessary may be made material by their averment. But whether intrinsically material, or rendered material by the particularity of statement employed in making the charge, the burden devolves upon the State not only to prove those allegations necessary to show the defendant's guilt of the nominal charge preferred against him, but also to go further and prove that the crime was committed (in the particular instance identified by the accusation) 'in the manner and form alleged,' in order that the defendant may be protected from being again placed in jeopardy for the *same transaction.*"

Nothing is better settled than that the merit of the plea of former jeopardy is to be determined largely by the allegations of the accusation or indictment upon which the accused has been formerly tried. The former indictment is a part of the plea, and must be exhibited as such. In the present case the solicitor appears to have abandoned the charge of pointing the pistol at E. B. Corey, but this does not alter the case, because if the defendant were hereafter accused of pointing a pistol at Bone only (although she has been in fact convicted of pointing the pistol at Bone), and were to plead former jeopardy, the accusation, which would appear as part

of the plea, would show that she had been convicted of pointing a pistol at Bone and Corey, and the court would be authorized by the record to strike the plea of former jeopardy, because it would be plain that it was not the same case as an accusation of pointing the pistol at William Bone only. Instead of abandoning so much of the accusation as charged the pointing of the pistol at Corey, the solicitor should have formally amended the accusation; and as this was not done, the defendant should have been granted a new trial, for she had been found guilty of pointing a pistol at two men upon proof of pointing it at one of them, when, perhaps, if she had been apprised by the accusation that she was only charged with pointing at this one, she might have been able to prove that she never in fact pointed the pistol at all at any one. One accused of crime has the right to be apprised of the nature of the charge against him, and to be informed of enough of the details of the alleged criminal prosecution to at least enable him to prepare to defend against the charge. The accusation in the present instance was not demurrable, because one may point a pistol at two persons, and this accusation charged that such was the case. This being the case, the defendant (with the knowledge that the State is required to prove the charge as laid) had the right to rely merely upon the State's inability to establish the allegation. If the allegation had been that the pistol was pointed at William Bone and Jack Coker, or at William Bone only, she might have been able to procure witnesses (whose attendance in the instance first named would have been unnecessary) to prove that she never pointed the pistol at any one.          *Judgment reversed.*