### 12760. BROOKS *v.* THE STATE.

A general verdict of guilty, upon an indictment containing two counts, the first charging the accused with stealing an automobile, and the second with buying and receiving the automobile, knowing that it had been stolen, cannot be sustained, where there is no evidence supporting the charge in the second count, unless that count was withdrawn from the consideration of the jury.

DECIDED NOVEMBER 17, 1921.

Indictment for larceny of automobile; from Putnam superior court - - Judge Park. July 6, 1921.

*Stubbs & Duke, Thomas J. Shackelford,* for plaintiff in error.
*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BROYLES, C. J.   It is well settled that where two or more distinct and separate offenses are charged in different counts of an indictment, a general verdict of guilty means guilty under each and every count, and the verdict cannot be sustained unless the charge in each and every count is supported by evidence. *Morse* v. *State,* 10 *Ga. App.* 61 (4) (72 S. E. 534); *Dozier* v. *State,* 14 *Ga. App.* 473 (81 S. E. 368); *Innes* v. *State,* 19 *Ga. App.* 271 (91 S. E. 339); *Sewell* v. *State,* 23 *Ga. App.* 765 (5) (99 S. E. 320). In the instant case the indictment under which the defendant was convicted contained two counts, the first charging him with the theft of an automobile, and the second with buying and receiving the automobile, knowing that it had been stolen. The jury returned a general verdict of guilty, which in law meant guilty under both counts of the indictment, and fixed the punishment as follows: "Minimum one year, maximum three years." There was no evidence adduced upon the trial which authorized the defendant's conviction under the second count, and in his motion for a new trial he excepts to the verdict on that ground. While it appears, from a note of the judge, that during the trial, the solicitor-general stated to the jury that he abandoned the second count of the indictment, the judge in his charge made no reference to this statement of the solicitor-general, but, on the contrary, charged the jury that the State contended that the defendant was guilty under both counts of the indictment, and charged them that if they found certain facts to be true, the defendant would be guilty under the second count. The court also instructed the jury as to the form of their verdict if they should find the defendant guilty under the second count. In view of these instructions of the court, it does not appear that the second count was withdrawn from the consideration of the jury, notwithstanding the statement of the solicitor-general that it was abandoned by the State. The charge of the judge was delivered subsequently to this statement, and the jury were in effect instructed by the judge that the State had not abandoned the count, but was insisting upon it. Nor can we say that a new trial is not required for the reason that the jury fixed one sentence only, which was a sentence that could have been imposed if the de-

fendant had·been found guilty under the first count only. While the punishment fixed was moderate and well within the limits of the punishment prescribed for the offense charged in the first count, it was not the lightest punishment which the jury could have fixed for that offense, and it is *possible,* and not an unreasonable supposition, that they might have made the sentence lighter if they had not found the defendant guilty of both of the separate and distinct felonies charged in the indictment. See, in this connection, *Morse* v. *State,* supra, where Judge Powell said: " The conviction upon the first count cannot be sustained. This being so, the verdict [a general verdict of guilty] is with· out evidence to support it. The error is not harmless, for under the indictment and the verdict the defendant could be sentenced to the maximum punishment for each offense, and the sentences might be made cumulative. The two counts stand just as if they were two indictments; and the right to impose sentence, where the verdict is general in such a case, is the right to sentence as for two separate and distinct offenses. The law in this respect is well established." An examination of the record in the *Morse* case (now of file in the office of the clerk of this court) shows that only one sentence was imposed on the accused in that case, and that it was a moderate one and well within the limits of the punishment prescribed for the offense charged in the second count of the indictment.

The assignments of error not dealt with above are either without substantial merit or refer ·to errors not likely to recur on another trial of the case.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*