## 13032.   GAY v. THE STATE.

---

An indictment against two persons for assault with intent to murder, which alleges that with a gun and with a pistol the accused assaulted, shot at, and shot two named persons and each of them, is not subject to demurrer on the ground that it is not alleged which defendant held

the gun or the pistol or did the shooting, or in what manner the assault was made.

The charge of the court was not subject to the exceptions taken, and the court did not err in overruling the motion for a new trial.

DECIDED JANUARY 17, 1922.

Indictment for assault with intent to murder; from Colquitt superior court — Judge Thomas. October 19, 1921.

*James Humphreys, W. F. Way,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.

LUKE, J. 1. The indictment upon which John Gay Sr. was convicted charged "John Gay Sr. and John Gay Jr. with the offense of assault with intent to murder, for that the said accused on the 23d day of May in the year 1921, in the county aforesaid, with a gun and with a pistol, the same being weapons likely to produce death, did assault, shoot at, and shoot George Mercer and Wheeler Mercer and each of them, unlawfully, feloniously, with malice aforethought, and with the intent then and there to kill and murder each and both of the said persons so assaulted, contrary to the laws," etc. By demurrer the indictment was attacked upon the ground that was not alleged which defendant held the gun or which one held the pistol, or which defendant did the shooting, or which defendant shot the respective parties alleged to have been shot and shot at, and that it was not alleged how or in what manner the two persons alleged to have been assaulted were assaulted. The demurrer was overruled. We see no error in the judgment overruling the demurrer. Under the indictment it would make no difference how or in what manner the persons were wounded, and it would make no difference which one of the defendants held the gun or the pistol, if they were acting in concert. It appears that the indictment is abundantly clear enough for the defendant to understand the crime with which he is charged and for the jury to comprehend the charge and issue on trial.

2. The charge of the court was full and fair and not subject to any of the criticisms urged against it. Upon conflicting evidence the jury were authorized to find the defendant guilty; and, since this finding has the approval of the trial judge, it was not error, for any reason assigned, to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*