### 15429. WARREN v. THE STATE.

LUKE, J. 1. "While a defendant cannot, as a general rule, be. charged with separate and distinct offenses in the same indictment, yet it is well settled that offenses of the same nature and differing only in degree may be joined in one count in the same indictment; *and it is as clearly settled that offenses, though not of the same nature, if they constitute but one transaction, may also be joined in one count in the same indictment.*" (Italics ours.) *Mitchell* v. *State*, 6 *Ga. App.* 554 (65 S. E. 326). See also *Lawrence* v. *State*, 10 *Ga. App.* 786 (1), 788 (74 S. E. 300), and citations. Under this ruling, the indictment in the instant case was not subject to demurrer on the ground that it charged the defendant with the commission of two separate offenses in the same count, to wit, robbery by force and intimidation and assault with intent to murder, since it appears from the indictment that the offenses were committed on the same person and on the same occasion, and constituted but one single transaction.

2. The defendant was charged with assault with intent to murder and with robbery, and the jury returned a verdict of "guilty as charged." There was no evidence authorizing his conviction of robbery. The verdict, therefore, was contrary to law and the evidence, and the court erred in refusing to grant a new trial. See, in this connection, *Jones* v. *State*, 27 *Ga. App.* 600 (110 S. E. 37); *Brooks* v. *State*, 27 *Ga. App.* 629 (109 S. E. 548), and cases cited on page 630.

3. The special grounds of the motion for a new trial are not passed upon.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., concurs specially.*

DECIDED MAY 14, 1924.

Indictment for assault with intent to murder, etc.; from Thomas superior court—Judge W. E. Thomas. February 5, 1924.

*D. Roy Hay, James B. Burch,* for plaintiff in error.

*C. E. Hay, solicitor-general, Eva L. Hay,* contra.

BLOODWORTH, J., concurring specially. Were this a case of first impression I would not agree to the ruling made in the first paragraph of the decision. In my opinion it is too broad. I think that there are offenses so separate and distinct from each other that they cannot be joined in the same count even though they constitute but one transaction. But inasmuch as the decision reiterates a former decision of this court, by which I am bound, and which as applied to the facts of this case may not be erroneous, I concur in the judgment.