*J. E. Sistrunk,* pro se.

---

## 15885. RAMSEY *v.* THE STATE.

1. The indictment was not subject to demurrer on the ground that it charged in a single count an assault with intent to murder four named persons, or for any other reason assigned.
2. Under the particular facts of this case, no error requiring a reversal of the judgment is shown by any of the special grounds of the motion for a new trial that are properly before the court for consideration.
3. This court can not say, as a matter of law, that there is no evidence to support the verdict.

DECIDED NOVEMBER 13, 1924. REHEARING DENIED DECEMBER 11, 1924.

Indictment for assault with intent to murder; from Barrow superior court—Judge W. L. Hodges presiding. July 24, 1924.

*J. C. Pratt,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.

BLOODWORTH, J. The first headnote alone needs elaboration. The indictment charges that the accused, "unlawfully and with force and arms, and with a certain pistol, the same being a weapon likely to produce death, did unlawfully and with malice aforethought, upon one Lucius Smith, Jewell Moon, Rose Young, and Loney Lyle, and then and there with said Henry Ramsey, not in self-defense nor under circumstances of justification, did, unlawfully and with malice aforethought, shoot at said Lucius Smith, Jewell Moon, Rose Young, and Loney Lyle, with the intent, then and there, unlawfully and with malice aforethought, to kill and murder said Lucius Smith, Jewell Moon, Rose Young, and Loney Lyle, contrary to the laws of said State, and the good order, peace and dignity thereof." A demurrer to the indictment was as follows: "1. Said indictment does not charge this defendant with any crime under the laws of Georgia. 2. Said indictment is fatally defective in that it is duplications [?], for that it is an attempt to charge this defendant with assaulting with intent to murder four named persons, in the same indictment and in the same count, the same being four separate and distinct offenses. 3. Said indictment is fatally defective in that it fails to show the manner of the commission of the offense attempted to be charged, for that it

is alleged that he did do the acts charged with said Henry Ramsey, shown on the face of said indictment to be the defendant, and the indictment thus fails to show in any manner with what or how the offense was committed."

(*a*) There is no merit in the general demurrer. The indictment states the offense so plainly that the nature thereof may be easily understood by the jury. Penal Code (1910), § 954. The first headnote in *Williams* v. *State,* 2 *Ga. App.* 629 (53 S. E. 1071), is as follows: "Where every essential ingredient of the offense charged. is set forth with sufficient clearness to enable the defendant to prepare his defense, and the jury clearly to understand the nature of the offense, the accusation is not demurrable." The indictment in this case measures up to this standard, and meets all the objects specified for requiring particularity in setting out an offense, which are announced in *Wingard* v. *State,* 13 *Ga.* 396 (2), 400 (2).

(*b*) The indictment is not duplicitous, in that in the same count it charges the defendant "with assaulting with intent to murder four named persons." We have not been able to find where this question has ever· been determined on demurrer by either of the appellate courts of this State. In the case of *Jones* v. *State,* 37 *Ga.* 51, there was a motion in arrest of judgment, one of the grounds of which was that "the assault and shooting are charged to have been committed on two persons." In that case it was held that "if said grounds had any substantial weight at all, they should have been taken before the cause was submitted to a jury; certainly, under our code and practice, they can not be considered on a motion in arrest of judgment." In the case of *Bone* v. *State,* 11 *Ga..App.* 128 (74 S. E. 852), a plea of former jeopardy was filed. In the opinion in that case Judge. Russell, now Chief Justice of the Supreme Court of this State, said (p. 130): "The accusation in the present instance was not demurrable, because one may point a pistol at two persons, and this accusation charged that such was the case." Even should we treat this statement as obiter, it at least shows the thought of the members of the court. See *Gay* v. *State,* 28 *Ga. App.* 67, 68 (1) (110 S. E. 323). Counsel for· plaintiff in error cites and relies upon the case of The People *v.* Alibez, 49 Cal. 452. In that case it is held that "an indictment which charges the defendant with the murder of three persons charges

three offenses." That decision is based upon a penal statute of the State of California. Even if this were not true, we are not bound by it, as it is not in accord with the well settled principle in this State that "while a defendant can not be charged with separate and distinct offenses in the same indictment, . . offenses of the same nature and differing only in degree may be joined in one count in the same indictment; and it is as clearly settled that offenses not of the same nature, if they constitute but one transaction, blended together by concurrent acts, may also be joined in one count." *Mitchell* v. *State*, 6 *Ga. App.* 554 (1) (65 S. E. 326). In *Lawrence* v. *State*, 10 *Ga. App.* 778 (74 S. E. 300), this court, citing several cases to support the statement, said: "The test is whether or not the acts described in the indictment relate to but one transaction. If they do it is well settled that offenses, though not of the same nature but blended together by concurrent acts, may be joined together in one count." See *Warren* v. *State*, 32 *Ga. App.* 359 (123 S. E. 182 (1)). Moreover, the weight of authority seems to be against the view of the California court, as shown by the following decisions: Ben *v.* State, 22 Ala. 9 (58 Am. Dec. 234); Clem *v.* State, 42 Ind. 420 (13 Am. Rep. 369); State *v.* Batson, 108 La. 479 (32 So. 478); State *v.* Warren, 77 Md. 121 (26 Atl. 500, 39 Am. St. Rep. 401); Wilkinson *v.* State, 77 Miss. 705 (27 So. 369); Forrest *v.* State, 13 Lea (Tenn.), 103; Chivarrio *v.* State, 15 Tex. App. 330; Cornell *v.* State, 104 Wis. 527 (80 N. W. 745).

(*c*) In *Mixon* v. *State*, 7 *Ga. App.* 805 (1) (68 S. E. 315), it was held: "Though, by reason of verbal inaccuracies, an indictment may be in part unintelligible, yet where, either by disregarding the unintelligible portion as surplusage, or by considering it along with the rest of what is said, the language of the indictment plainly, clearly, definitely, and accurately charges a particular offense, it is not subject to be quashed on demurrer." Under this ruling there is no merit in the 3d ground of the demurrer. See *Franklin* v. *State*, 85 *Ga.* 570, 572 (11 S. E. 876).

The assignment of error as to the striking of the plea in abatement is expressly abandoned in the brief of counsel for the plaintiff in error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*