19884. WHITMIRE *v.* THE STATE.

DECIDED JULY 31, 1929.

*Wheeler & Kenyon,* for plaintiff in error.

*George D. Anderson, solicitor-general,* contra.

LUKE, J. Guy Whitmire was convicted of assault with intent to murder, under an indictment charging John Turner, Guy Robertson, Willie Duncan, Grady Gazzaway and Guy Whitmire "with the offense of assault with intent to murder, for that the said accused, on the 28th day of October, in the year. . . 1924, in the county aforesaid, being then and there a person of sound memory and discretion, . . with a certain pistol, a certain gun, and certain guns, the same being a weapon likely to produce death, in and upon one D. J. Bennett, Mrs. D. J. Bennett, Cleo Bennett, D. J. Bennett Jr., Journey Bennett, Chesley Bennett, Earnesteen Bennett, Norine Bennett, and Lois Bennett, human beings, in the peace of said State, then and there being, did make an assault, with the intent of said D. J. Bennett [and the other persons last named] to kill and murder, and with the said certain pistol, certain gun, and certain guns, which they said accused then and there had and held, did then and there unlawfully, feloniously, and with malice aforethought shoot at and towards them, the said D. J. Bennett

[and said other persons last named], and shoot Cleo Bennett through the right foot, thereby inflicting a certain wound thereon, with the intent aforesaid, contrary to the laws of said State," etc.

The exceptions are to the overruling of the defendant's demurrer to the indictment and to the overruling of the motion for a new trial based upon the general grounds and several special grounds.

■ The demurrer to the indictment was on the following grounds: 1. The indictment sets forth no crime "on the part of this defendant against the laws of Georgia." 2. "There is an attempted misjoinder of offenses in said indictment, in that this defendant is therein charged with assault with intent to murder on . . eight different persons, which can not lawfully be done in one and the same indictment." 3. "It does not appear from said indictment whether this defendant is charged with assault with intent to murder on all of said eight different persons at the same time and place, or separately, and at different places and at different times."

The first ground of the demurrer is not good; the second ground is refuted by the decision of this court in *Ramsey* v. *State,* 33 *Ga. App.* 77 (125 S. E. 777) ; and a mere casual reading of the indictment shows that there is no merit in the third ground.

■ The excerpt from the charge of the court complained of in special ground number 4 is as follows: "I charge you that before you would be authorized to convict the defendant, you must be satisfied, from the evidence in the case and the defendant's statement, that the defendant on trial, at the time of the assault, if you find there was one, had an intent to kill the party or parties assaulted, *or some one of them."* In this ground the defendant states that he requested the above charge except the last part, to wit, "or some one of them." The criticism of the charge is in this language: "It in effect was an instruction that the jury could convict the defendant if he had an intent to kill either one of the parties alleged to have been assaulted. The indictment charged assault with intent to murder upon eight different people, and movant insists that his conviction would not be lawful unless there was an intent on his part at the time to kill all of said eight people." Clearly the charge is not erroneous for the reason assigned. Several of the special grounds are controlled in principle by our ruling on this ground, and, with the exception of the ground

next discussed, none of them needs special elaboration, and none of them discloses error requiring a reversal.

■ The following excerpt from the charge of the court appears in ground 7 of the motion for a new trial: "And the State contends further that before the unlawful enterprise that the State contends was made and entered into and consummated upon the occasion in question, that there was an agreement and understanding, or common concert of action between these five defendants in this indictment, to do violence towards these people that are named in the indictment. The defendant denies that, and on his part says that whatever was done upon the occasion in question, *though he says he was present,* that it was done without his aid or assistance, without his counsel, without his procurement, and without his command."

It is first contended that this charge was not authorized by the evidence because there was no evidence "showing directly or indirectly any agreement, or understanding, or common concert of action, between the five defendants named in the indictment." This contention is not well founded.

It is contended also that the court erred in using the following words in the foregoing excerpt: "though he says he was present." The criticism is that the evidence shows that the prosecutor's home was visited twice on the night in question by certain persons who shot into it, and that, while the defendant admitted that he was present when one of his party, over his protest, shot near the house, he absolutely denied that he was in the party that visited the prosecutor's home on the second occasion, when one of the occupants of the house was shot in the foot while she was in bed. It may be said in this connection that the defendant's statement that he was not present on the last visit is corroborated by the testimony of some of the other witnesses in the case. Under these circumstances, we can not escape the conclusion that the court's statement, "though he says he was present," was misleading and probably injurious to the defendant's case. For this reason the overruling of this special ground was error requiring a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*