## 25302. BENNINGS v. THE STATE.

BROYLES, C. J. 1. While a defendant can not be charged with *separate and distinct* offenses in one count of an indictment, offenses of the same nature and differing only in degree may be joined in one count of the same indictment; and offenses not of the same nature, but blended together by concurrent acts so that they constitute but one transaction, may likewise be so joined. The test is whether the acts charged in the indictment relate to but one transaction.. *Mitchell* v. *State*, 6 *Ga. App.* 554 (65 S. E. 326); *Lawrence* v. *State*, 10 *Ga. App.* 786 (74 S. E. 300); *Ramsey* v. *State*, 33 *Ga. App.* 77 (125 S. E. 777). Under the foregoing ruling the indictment in the instant case was not subject to the motion to quash, and the court properly so held.

2. Testimony as to offenses or acts other than the particular offense charged in the indictment is admissible when it tends to connect the accused with the offense charged, or to show his course of conduct, motive, intent, or a common scheme or plan of related offenses. *Chappell* v. *State*, 40 *Ga. App.* 502 (150 S. E. 450), and cit.; *Frank* v. *State*, 141 *Ga.* 243 (2-*b*, *c*) (80 S. E. 1016). Applying this ruling to the facts

of the instant case, the admission of the testimony set out in special ground 1 of the motion for a new trial was not error.

3. The remaining special ground is without merit.

4. While the evidence connecting the accused with the offense charged was wholly circumstantial, it strongly pointed to his guilt, and was sufficient to exclude every other *reasonable* hypothesis.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 7, 1936.

*Pierce Brothers,* for plaintiff in error.

*George Hains, solicitor-general, E. J. Clower,* contra.