Ronnie Virgil **TIFFANY**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant
in Error.

No. A–13351.

Court of Criminal Appeals of Oklahoma.

July 31, 1963.

Fred Tillman, John Tillman and Don
Hampton, Pawhuska, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Ronnie Virgil Tiffany, hereinafter referred to as the defendant, was charged by
Information in the District Court of Kay
County with the crime of Kidnapping. He
was tried before a jury, found guilty, and
sentenced to 11 years in Oklahoma State
Penitentiary. The defendant lodged his
appeal within the time prescribed by law
alleging numerous assignments of error.
We will deal herein with only one contention of error, which is sufficient to cause
reversal.

The Information containing a single count charged defendant in the following language:

"Did then and there unlawfully, wilfully, knowingly, wrongfully, and feloniously and without any lawful authority forcibly seize and confine *Susan Lyall and Carol Sue Kreger,* for the purpose of extorting and obtaining an advantage and thing of value, to wit: an act of sexual intercourse, from the said person so seized and to extent the chastity of the said persons so seized and for the purpose of violating their chastity and virtue, and did take, kidnap, and carry away *Susan Lyall* and *Carol Sue Kreger* without their free will and consent * * *."

The records of the minutes in the case reflect that a written Demurrer was argued and overruled by the Court. Though the record does not show upon what grounds it was argued, we will assume the demurrer caused the trial judge to read the Information and it is unlikely a learned trial judge could read the Information without coming to the conclusion that the Information charges two separate and distinct crimes, to wit: the kidnapping of Susan Lyall and the kidnapping of Carol Sue Kreger. It is our opinion that a demurrer to the Information on any grounds would have been sufficient to call it to his attention.

▆▆▆ Title 22 O.S.A. § 404 of the Oklahoma Statutes provide, among other things:

"The indictment or information must charge but one offense * * *."

The records of the Court of Criminal Appeals are replete with cases supporting the Statute. In a very early case, Williams v. State, 16 Okl.Cr. 54, 180 P. 559, the Court said:

"Where it is clear from the information, the evidence, the verdict, and judgment that the defendant was called upon to defend against two separate and distinct offenses charged against him, over his repeated objections and exceptions, this court will not permit a conviction under such circumstances to stand unreversed, for the reason that such a conviction does not afford the defendant that fair and impartial trial according to the forms of law guaranteed to him by the Constitution and statutes of this state."

A very similar case in California passed upon the proposition, in the People v. Alibez, 49 Cal. 452. In that case Jesus Alibez was charged with the murder of P. Alibez, C. Alibez, and R. Alibez by administering strychnine, a poisonous drug. A trial was held after a demurrer had been overruled, and a verdict of guilty of First Degree Murder was found by the jury. The Court had this to say:

"The statute (Penal Code, 954) under which the proceedings in question were had, distinctly provides that the indictment 'must charge but one offense', while it is self-evident that the indictment here, charging the defendant, as it does, with the murder of three persons, necessarily charges three offenses. The slightest examination of the statute upon the part of the District Attorney, in the first instance, would have prevented such a blunder. Even if he had overlooked it, however, at the outset, it would seem that the demurrer and motion in arrest of judgment subsequently made ought to have called it to his attention."

Defendant argues at great length that the charge constitutes a Double Jeopardy. We do not think it necessary to go into the matter since the Information was fatally defective.

The County Attorney should satisfy himself on the question of Res Judicata, a good discussion of the subject may be found in the case of Sealfon v. U. S., 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180, and the footnotes as reported in Cases and Comments on Criminal Justice by Inbau and Sowle.

The judgment is reversed, and the cause remanded back with directions to the trial court below to sustain the demurrer to the

Information; with leave to file a new or amended information, if the State so desires.

BUSSEY, P. J., and JOHNSON, J., concur.