## 36848. THE STATE v. WILLIAMS.

PER CURIAM.

The Bibb County Grand Jury returned an indictment against the appellee-defendant, Barbara Jean Williams, on October 30, 1979. Count 4 of the indictment charged the offense of murder and alleged the following facts in support thereof: On or about March 11, 1979, the defendant made an assault upon Dennis Daniels with malice aforethought in that she turned off a cardiac monitor warning device attached to the victim so that the device was rendered incapable of giving warning of dangerous irregular heartbeats and cessation of heartbeats. This action prevented sufficient warnings of cardiac arrest. For that reason necessary medical attention did not reach the

victim in time to prevent brain death due to lack of oxygen resulting from the cessation of heartbeat and blood flow. This rendered the victim's brain useless. From these actions of the defendant the victim sustained injuries from which he died.

1. The defendant demurred to Count 4 on the ground that it failed to allege that the death occurred within a year and a day of the assault. By another demurrer the defendant attacked Count 4 for failure to allege the date of death, contending this failure rendered the indictment imperfect in form and deprived her of indispensable information. Both demurrers were sustained by the trial court. These rulings are before us in this appeal brought by the State.

A. Under the common law rule death must have occurred within a year and a day from the date the assault or wound was inflicted in order for murder to have taken place. If death did not occur within that time a presumption existed that a cause other than the act of the accused brought about the death. *Head v. State,* 68 Ga. App. 759, 761 (24 SE2d 145) (1943). The State contends this common law rule is no longer in force in Georgia because the 1968 Criminal Code (Ga. L. 1968, pp. 1249, 1261) abolished common law crimes. The accuracy of this contention need not be decided because we find this indictment alleges a date of death within a year and a day of the assault. The indictment alleges the assault occurred on or about March 11, 1979 and death resulted. The indictment was returned October 30, 1979, less than a year from the assault. Thus, while there is an absence of any allegation of a specific date of death, the indictment necessarily alleges that death occurred within a year and a day from the date of the alleged assault. See *Lyles v. State,* 215 Ga. 229 (109 SE2d 785) (1959); *Black v. State,* 14 Ga. App. 534 (81 SE 588) (1914). It was error for the trial court to sustain the demurrer to Count 4 of the indictment on the ground that it failed to allege the occurrence of death within a year and a day from the date of the alleged assault.

B. The indictment alleges the death of the victim in that the heart stopped beating, the oxygen supply to the brain was cut off, and brain death resulted. It further alleges that the assault upon the victim caused bodily harm by rendering his brain useless, and from the assault the victim sustained injuries from which he died. By demurrer defendant complains that the failure to allege a specific date of death deprives defendant of indispensable information. Defendant contends it is unclear whether the indictment alleges death at the point of cessation of heartbeat, at the point of brain death, or perhaps later at a point of somatic death.[1] "[T]he defendant

---

[1] The definition of death varies among the authorities. (1) Black's Law Dictionary

also is entitled to be informed by the indictment of the time and place of committing the offense, with sufficient certainty to enable him to prepare for his defense." *Burkes v. State,* 7 Ga. App. 39, 41 (65 SE 1091) (1909). "The requisite of a good indictment, as to form, is that the offense with which the defendant is charged be so stated as to give him ample opportunity to prepare his defense." *Allen v. State,* 120 Ga. App. 533, 534 (171 SE2d 380) (1969). The defendant contends that the allegations of death are confusing and insufficiently definite to enable her to prepare her defense. She points out that if death occurred at the initial stop of the heartbeat, her alleged actions may have no causal relation to death. If life ended at the point of "brain death" there are certain special medical indicia to be proven and as to which matters of defense may arise. If the indictment alleges somatic death at a time after heartbeat arrest defendant will prepare to defend on the contention that death occurred at the point of heartbeat arrest. We hold that the failure to either allege the date and time of death in a manner sufficiently specific to indicate the definition of death relied upon, or in the alternative to specify such definition, renders the indictment too uncertain to enable defendant to prepare her defense. The trial court did not err in sustaining the demurrer.

2. Enumerations of error 2 through 8 raise the issue of duplicity. In the several counts of the indictment under attack aggravated assault[2] is charged as the offense and facts in support thereof are alleged. Following are allegations that acts of the defendant also constituted reckless conduct.[3] To avoid the acknowledged rule that a

---

(4th Ed.) p. 488 - "The cessation of life; the ceasing to exist; defined by physicians as a total stoppage of the circulation of the blood, and a cessation of the animal and vital functions consequent thereon, such as respiration, pulsation, etc." (2) Code Ann. § 88-1715.1 (Ga. L. 1975, p. 1629) — "A person may be pronounced dead if it is determined that the person has suffered an irreversible cessation of brain function," (3) Webster's New International Dictionary (2d Ed.) p. 676 — "The cessation of all vital functions without capability of resuscitation . . . General death is of two kinds: death of the body as a whole (somatic or systemic death), and death of the tissues. By the former is implied the absolute cessation of the functions of the brain, the circulatory and respiratory organs; by the latter the entire disappearance of the vital actions of the ultimate structural constituents of the body."

[2] Code Ann. § 26-1302. Aggravated assault. "A person commits aggravated assault when he assaults (a) with intent to murder, to rape, or to rob or (b) with a deadly weapon."

[3] Code Ann. § 26-2910. Reckless conduct. "A person commits a misdemeanor when he causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause the harm or endanger the safety, and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation."

single count of an indictment may not allege two or more separate and distinct offenses, the State relies upon the exceptions known as (1) lesser included offense and (2) the same transaction. *Goldin v. State,* 104 Ga. 549 (30 SE 749) (1898); *Nelson v. State,* 136 Ga. App. 861 (222 SE2d 677) (1975). It has been suggested that Count 5 of the indictment serves as a typical example of the several counts under attack and we find that to be correct. We note that the transaction alleged in Count 5 presents these facts: The defendant decreased the rate of flow of a certain fluid being administered through an intravenous line into the bloodstream of the victim. The fluid, in the manner and rate given, was necessary to the well-being of the victim. The defendant committed the acts with her hands which were deadly weapons in the manner used. The acts of the defendant endangered the bodily safety of the victim. The allegations go further to track the statutory language of both the offenses of aggravated assault and reckless conduct. (While some of the counts allege more than one act by the defendant in manipulating treatment devices, we hold that such does not require a result different from that reached in this specific analysis of Count 5 as a typical example.)

We do not have to determine whether or not reckless conduct is a lesser included offense of aggravated assault because we hold that the indictment comes within the same transaction exception to the rule against duplicity. The same transaction rule was stated in *Goldin v. State,* supra, at 550: "There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense."

Justice Lumpkin gave as an example a conviction for assault and battery under an indictment alleging the offense of assault with intent to murder. So long as the language of the indictment alleges a battery the conviction stands. If only an assault, and not a battery, is included in the language of the indictment the conviction falls. The rule was again expressed in *Mitchell v. State,* 6 Ga. App. 554, 556 (65 SE 326) (1909): "It is true that separate and distinct offenses can not be embraced in one count in the same indictment, — as, for instance, burglary and perjury, larceny and assault and battery — but it is well settled that offenses of the same nature and differing only in degree may be joined in one count in the same indictment; and it is also clearly well settled that offenses not of the same nature, if they constitute but one transaction, may be joined in one count in the same indictment . . . ."

The test is whether the acts charged by the indictment relate to

one transaction only. *Bennings v. State,* 53 Ga. App. 218 (185 SE 370) (1936). The indictment in this case, as illustrated by Count 5, charges only one transaction. There is one victim and there is one event. The acts charged against the defendant relate to the one transaction. Thus, the test is satisfied. It follows that the trial court erred in sustaining demurrers to Counts 2 through 13 on the ground that they are duplicitous.

*Judgment reversed in part; affirmed in part. All the Justices concur, except Jordan, C. J., and Marshall, J., who dissent to Division 1B and Smith, J., who dissents to Division 1A.*

DECIDED FEBRUARY 25, 1981.

*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellant.

*Brown, Katz, Flatau & Hasty, Fred M. Hasty, S. Phillip Brown,* for appellee.