Gilbert *vs.* The State.

GILBERT *vs.* THE STATE OF GEORGIA.

1. It is a general rule that a defendant cannot be charged with separate and distinct offenses in the same indictment; but offenses which are of the same nature, and differ only in degree, may be joined in an indictment. Further, there are some offenses, though not of the same nature, which may be incorporated in the same indictment if they constitute but one transaction, but not otherwise. Of this class is larceny and burglary occurring together. But even then the allegation is more to fix and establish the burglary than to charge the larceny.

2. If two distinct offenses are charged in the same indictment, and no exception is taken thereto by demurrer, the defendant may, nevertheless, demand that the state elect on which it will proceed. If the indictment shows the difference in the charges, the election may be made when it is read; if the difference appears from the evidence, the election may then be made; but it must be called for before the defendant opens his case.

Criminal law. Indictment. Practice in the Superior Court. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1879.

Reported in the decision.

W. G. SMITH; WASHINGTON DESSAU, for plaintiff in error.

C. L. BARTLETT, solicitor-general, for the state.

CRAWFORD, Justice.

The plaintiff in error, Mary Gilbert, was tried for burglary, larceny from the house, and for receiving stolen goods knowing the same to have been stolen, under one indictment, and was found guilty of the latter offense, She moved for a new trial, which was refused, and she, by her counsel, excepted.

The indictment under which she was convicted, contained but two counts, by the first of which she was charged with burglary and larceny from the house, by the second, with receiving the stolen goods.

The principal ground relied upon in the motion for a new trial was, that after the reading of the indictment to the jury, counsel moved the court to compel the state to elect under which count it would proceed to try the defendant, which motion was overruled by the court, and the defendant excepted.  After the introduction of the evidence and before argument to the jury, the same motion was renewed, and again refused by the court, and the defendant again excepted.

1. A general rule in criminal pleading is that a defendant cannot be charged with separate offenses in the same indictment, as for instance larceny in one count, and perjury in another, for it would embarrass him in his defense, but the same offense, that is the same species of offense, may be charged in different ways in several counts to meet the evidence.   Arch. Cr. Pl., 30, 31; Hale P. C., m. p. 246, 1 Bishop Cr. L., 1062; 57 *Ga.* 66.

Offenses differing from each other may be included in the same indictment, provided they are of the same nature and differ only in degree.   11 *Ga.*, 92; 12 *Ib.*, 316; 40 *Ib.*, 534.   There are some offenses, however, though

they may not be of the same nature, yet may be incorporated in the same indictment, if they constitute but *one transaction*; of this class is burglary and larceny, if committed at the same time. But as they are not similar in character they can never be joined except when blended by the concurrent acts of the offender, and even then it is done more to fix and establish the burglary than to charge the larceny.

2. The indictment in this case charges the defendant with these two distinct offenses in the first count, but to this no demurrer was made, no ruling by the judge had thereon, and therefore we need not consider it.

But the second count charged the defendant with a misdemeanor, that is of receiving stolen goods knowing them to have been stolen by King Gilbert, who had fled the country, and could not therefore be prosecuted and convicted. Here, then, was presented to the judge and the jury an offense wholly dissimilar from burglary in its nature and characteristics. One is accomplished by the presence and use of active force in the breaking and entering, whilst in the other is an utter absence of every element of burglary, as well as a transaction totally distinct in time, place, circumstances, grade and punishment; one a felony, the other a misdemeanor. Had the indictment been only for larceny from the house, and for goods under the value of fifty dollars, then to that might have been joined the count for receiving stolen goods, because they are of the same nature. But the right to join larceny from the house with burglary, springing as it does out of the fact that the larceny is a part of the same criminal act, does not and cannot carry with it the right to join another and distinct crime of a wholly different nature, having none of the elements of burglary and forming no part of that criminal act.

Besides, if all this be error, it will hardly be denied that the right of election existed, even with demurrer waived, in an indictment joining a felony and a misdemeanor, if

not before testimony offered, certainly afterwards, when it appeared that the larceny proved showed that it was only a misdemeanor, the goods stolen being less than fifty dollars in value. We think, therefore, that the defendant was entitled to demand that she should be tried upon one or the other of these two counts as they stood, and that the judge should have so ruled. As to the time when it is to be done, the decisions have by no means been uniform; our judgment is that if it appears from the indictment it may be done upon its reading to the jury; if from the evidence, when that shows the existence of different transactions and different offenses; all the authorities, however, agree that the election should be required before the prisoner opens to the jury his defense. Bishop on Cr. Procedure Vol. I. §462.

Judgment reversed.