## WILLIAMS v. THE STATE.

LEWIS, J.   1.   Where a defendant has been found guilty of stabbing, on an indictment charging him with the offense of assault with intent to murder, an omission of the judge to give in charge to the jury the law of voluntary manslaughter, even if applicable to the case, is not sufficient ground for a new trial.

2. Sayings of the defendant, after the commission of the alleged crime and constituting no part of the res gestæ, are not admissible in evidence in his behalf.

3. The charge of the court fairly and fully covered the issues involved, and the verdict is amply supported by the testimony.

*Judgment affirmed.   All the Justices concurring.*

Submitted February 20, — Decided March 14, 1899.

Indictment for assault with intent to murder.   Before Judge Gamble.   Jefferson superior court.   November term, 1898.

*Hudson & Wright,* for plaintiff in error.
*B. T. Rawlings, solicitor-general,* contra.

---

## MORGAN v. THE STATE.

COBB, J. Under the evidence for the State the jury would have been authorized to find the accused guilty of murder.   The evidence for the accused would have authorized his acquittal.   Under no view of the case would a conviction for voluntary manslaughter be justified.   It was therefore error to charge the jury the law of voluntary manslaughter, and a verdict finding the accused guilty of that offense should have been set aside.   The case should be tried again, and, if the evidence is substantially the same as at the previous trial, the accused should be either convicted of murder, or acquitted.   *Dyal* v. *State,* 97 *Ga.* 428;   *Smith* v. *State,* 106 *Ga.* 673.                    *Judgment reversed.   All the Justices concurring.*

Submitted February 20, — Decided March 14, 1899.

Indictment for murder.   Before Judge Sweat.   Wayne superior court.   November term, 1898.

*J. W. Poppell, W. G. Brantley, Thomas & Thomas, Owens Johnson,* and *A. D. Gale,* for plaintiff in error.
*John W. Bennett, solicitor-general,* contra.