### 10296.　SEWELL *v.* THE STATE.

1. The indictment sufficiently charged that the offense was committed in Franklin county, Georgia, where the defendant was indicted and tried.
2. The offenses defined in sections 189 and 192 of the Penal Code (1910) are kindred offenses, and may be charged in separate counts of the same indictment.
(a) The 9th count of the indictment, when properly construed, is not based upon the second clause of section 189 of the Penal Code. Therefore the allegation in that count, as to a demand and a refusal to pay, was immaterial and should be treated as surplusage.
3. While joint owners of property can not be guilty of larceny if either

merely takes the property to his exclusive use, unless the person from whom it was taken had the right to its exclusive possession at the time, yet one joint owner may be guilty of larceny if he takes the entire property with the felonious intention of depriving the other joint owner of his share. 17 R. C. L. 23, § 25. Thus, where A and B are joint owners of a promissory note, and A collects the entire amount of the note, with the felonious intention of depriving B of his share of the proceeds, and actually does so deprive him, A is guilty of larceny. And in .such a case, if A has been entrusted by B with the note for the purpose of collecting the entire amount due and of paying over to B his share of the proceeds, A is guilty of larceny after trust, where, after collecting the entire amount of the note, he converts to his own use B's share of the proceeds, instead of paying it over to B.

4. The court did not err in overruling the demurrer to the indictment.

5. The indictment containing nine counts, and the evidence not authorizing a finding of guilty under the 5th, 6th, or 7th count, which charged separate and distinct offenses from those charged in the other counts, the general verdict of guilty was unauthorized.

DECIDED MAY 16, 1919.

Indictment for larceny after trust; from Franklin superior court—Judge W. L. Hodges. November 30, 1918.

*Wolver M. Smith, Thomas & Thomas,* for plaintiff in error.

*A. S. Skelton, solicitor-general, H. H. Chandler,* contra.

BROYLES, P. J. Mrs. Sarah A. Sewell prosecuted the defendant, her son, for larceny after trust. The indictment contained nine counts. The defendant demurred to it on general and special grounds, the demurrer was overruled, and exceptions pendente lite were filed. Upon the trial a general verdict of guilty was returned. A motion for a new trial was made, to the overruling of which the defendant excepted.

The evidence shows that the prosecutrix was a widow, that she could not write her name or read writing, and that the defendant was a married man, a dentist by profession, and his mother's favorite son. While in some respects the evidence is conflicting, we think the jury were authorized to find that Mrs. Sewell had, in the county of Franklin, at various times before the indictment was found, entrusted the defendant with the notes and the various amounts of money as charged in the 1st, 2d, 3d, 4th, 8th, and 9th, counts of the indictment, for the purpose of collecting the notes and applying the proceeds and the various sums of money for her use and benefit. It is true that the evidence shows that most, if not all, of this money was collected by the defendant in 1912, and deposited to his mother's credit in a bank at Lavonia, Georgia, in the same year, and that all of it was drawn out by

April of the following year by checks to which Mrs. Sewell's name had been signed by him. It is contended by the learned counsel for the defendant that if any crime was committed it was barred by the statute of limitations, the indictment not having been found until the September term, 1917, of the superior court of Franklin county. It is also contended that the defendant's trust ended when he collected the money for his mother and deposited it to her credit in the bank; and that if he thereafter drew out the money from the bank, by signing his mother's name to the checks without her authority, he would be guilty of the offense of forgery, and not of larceny after trust. Under all the peculiar and particular facts of this case we do not think that either of these contentions is sound. The evidence does not show that the defendant's trust was ended when the money collected by him on the notes in question had been deposited to his mother's credit in the bank at Lavonia. When the apparently conflicting parts of Mrs. Sewell's testimony are construed and reconciled in the light of her entire testimony, the jury were authorized to find that she had unreservedly placed her entire business affairs in the hands of the defendant, that she had entrusted him with all her money, and with her notes, for the purpose of collecting them and placing the proceeds to her credit in the bank at Lavonia, *and, after that, of keeping the money safely for her in the bank, or drawing it out and applying it to her wants and necessities*. The fact that when the money was placed in the bank to the general credit of Mrs. Sewell the bank became the owner of this particular money, and the relation of debtor and creditor between Mrs. Sewell and the bank then arose, would not, under these circumstances, alter the legal status of the trust relationship as between Mrs. Sewell and her son. The jury were authorized to find, from Mrs. Sewell's evidence, that although she had never *expressly* given him *specific* authority to withdraw this money from the bank, after it had been deposited to her credit, he did have general authority, as her agent, to do so; and it was shown by other evidence that, acting as her agent, he had withdrawn this money with her implied authority, and that afterwards he was still holding it in trust for her, and that he did not convert it to his own use until about a year before the finding of the indictment against him.

In our opinion the evidence sufficiently showed that the offenses

charged, except those alleged in the 5th, 6th, and 7th counts of the indictment, were committed in Franklin county, within four years of the finding of the indictment against the defendant. While the evidence showed that a demand upon the defendant for the return of the money had been made in Franklin county and was refused, this evidence was immaterial, as the indictment, when properly construed, was not based on the second clause of section 189 of the Penal Code, and no demand was necessary. *Innes* v. *State*, 19 *Ga. App.* 271 (91 S. E. 339).

The special grounds of the motion for a new trial are merely amplifications of the general grounds, and, except that the allegations in the 5th, 6th, and 7th counts of the indictment were not supported by any evidence, the general verdict of guilty was authorized. Inasmuch, however, as the charges in those counts were unsupported by any evidence, the general verdict of guilty was unauthorized and must be set aside. The indictment contained nine counts, and the 5th, 6th, and 7th counts charged that the defendant had been entrusted with certain specific sums of money which he unlawfully converted to his own use. These specific amounts of money were not mentioned in any of the other counts of the indictment, and these three counts charged separate and distinct offenses from those charged in the other counts. The general verdict of guilty, in law, meant guilty under each and every count of the indictment; and the court, therefore, erred in overruling the motion for a new trial. See, in this connection, *Tooke* v. *State*, 4 *Ga. App.* 495 (61 S. E. 917); *Hall* v. *State*, 8 *Ga. App.* 747, 750 (70 S. E. 211); *Innes* v. *State*, supra.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*