19721.   BENFORD *v.* THE STATE.

DECIDED JUNE 11, 1929.

*R. D. Feagin, W. E. Bartlett,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. ■ An indictment can properly contain a count for burglary and one for receiving stolen goods knowing them to be stolen when the articles were knowingly received from the person who committed the burglary and were taken from the store at the time it was burglarized. In *Williams* v. *State,* 72 *Ga.* 180, it is held that "Different counts charging offenses of the same nature may be joined in one indictment." *Mitchell* v. *State,* 6 *Ga. App.* 554 (1). Burglary and receiving the fruits of the burglary are of the same nature. Each is a felony, and in each the same quantum of punishment would follow a conviction. In *Johnson*

v. *State*, 61 *Ga.* 212, the first headnote is as follows: "A count for receiving stolen goods knowing them to be stolen, may be joined in an indictment with a count for simple larceny." We are not unmindful of the fact that in *Gilbert* v. *State*, 65 *Ga.* 449, the Supreme Court held that a count for burglary could not be united with one for receiving stolen goods knowing them to be stolen. However, that decision was based on the fact that at that time receiving stolen goods knowing them to be stolen was a misdemeanor; the Supreme Court expressly stating that "had the indictment been one for larceny from the house, and for goods under the value of fifty dollars, then to that might have been joined the count for receiving stolen goods, *because they are of the same nature.*" (Italics ours.) See *Freeman* v. *State*, 35 *Ga. App.* 223 (132 S. E. 782); *Warren* v. *State*, 32 *Ga. App.* 359 (123 S. E. 182); *Sewell* v. *State*, 23 *Ga. App.* 765 (2) (99 S. E. 320); *Braxley* v. *State*, 17 *Ga. App.* 196 (2) (86 S. E. 425); *State* v. *Hogan, R. M. Charlton*, 474, 477; *Sims* v. *State*, 110 *Ga.* 290 (2) (34 S. E. 847); *Hoskins* v. *State*, 11 *Ga.* 92 (1).

■ Where an indictment contained two counts; the first charging burglary and the second receiving stolen goods knowing them to be stolen, and in his address to the jury the solicitor-general confined his argument to the burglary count, and on the conclusion of the arguments the judge instructed the jury relative to the burglary count only, and, on his attention being called by the solicitor-general to the second count, he charged the jury relative to that count, it was not error for the judge to charge as to the second count, although the solicitor-general by his argument had led the court to believe that he had abandoned that count.

■ When considered in the light of the entire charge as it relates to the second count, there is no error in the portion of the charge embraced in the second special ground of the motion.

■ The excerpts from the charge embraced in special grounds 3 and 4 related to the first count of the indictment, and even if they are erroneous, they are harmless, as the defendant was convicted on the second count only. *Shaw* v. *State*, 38 *Ga. App.* 269 (2) (143 S. E. 600).

■ A ground of the motion alleges that the court erred in refusing a mistrial because of "the prejudicial and unfair remark of the solicitor-general in the presence of the jury and on account of

the testimony of the witness Parks that he and the defendant had been convicted of a different burglary." In a note to this ground the trial judge said: "The facts with reference to said ground are that the solicitor-general asked the State's witness, Nelson Parks, about his intimacy and friendship to and with the defendant, and the witness said they were very friendly, and remarked that they had both been in a previous burglary and had been convicted. The defendant's counsel objected to this reply, and one of the objections urged was that the record should be the highest evidence of the previous conviction. The solicitor-general stated that the record was available. Thereupon defendant's counsel moved for mistrial as stated, but the court ruled out the reply as far as it related to any previous conviction, and instructed the jury not to consider any such evidence, and also instructed the jury not to consider what the solicitor-general had said as to the availability of the record." It appearing that the evidence given by the witness to the effect that he and the defendant "had both been in a previous burglary and had been convicted" was volunteered by the witness, and that the solicitor-general was not responsible for this statement getting in the record, this, under the qualifying note of the judge, does not require the grant of a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*