20603.   GAULDEN *v.* THE STATE.

</div>

DECIDED JULY 15, 1930.

*E. M. Davis, J. J. Hill,* for plaintiff in error.
*Robert B. Short, solicitor-general,* contra.

BLOODWORTH, J. We will enlarge upon headnotes 1, 2, 4, and 7 only.

The indictment was demurred to because it seeks to set forth in the two counts thereof two separate and distinct offenses: first, a count charging the defendant with the larceny of personal goods of G. C. Smith; and the other count charging defendant with the larceny of the personal goods of Wade Cochran; it not being alleged in the indictment that the offenses sought to be charged and set out therein constitute one and the same transaction. The court properly overruled the demurrer. Citing several cases to support the proposition, the first headnote in *Williams* v. *State,* 72 *Ga.* 180, is as follows: "Different counts charging offenses of the same nature may be joined in the same indictment." In *Jones* v. *State,* 2 *Ga. App.* 433 (58 S. E. 559), this court held: "Offenses of the same nature may be joined in one indictment in separate counts." In *Walker* v. *State,* 118 *Ga.* 772 (45 S. E. 621), it was held: "Even if the indictment can be treated as containing more than one count, the different acts enumerated therein were of the same nature, and constituted the same offense against the penal laws; and the State was not bound to elect upon which one the accused should be tried. *Sims* v. *State,* 110 *Ga.* 290 [34 S. E. 1012], and cases cited." In *Sutton* v. *State,* 124 *Ga.* 815, 817 (53 S. E. 381), Mr. Justice Lumpkin, referring to an opinion of Justice Crawford, said: "In illustrating the general rule which he announced that

distinct and separate offenses can not be charged in the same indictment, Justice Crawford added that 'the same offenses, that is the same species of offenses, may be charged in different ways in several counts to meet the evidence.'" In *Benford* v. *State,* 39 *Ga. App.* 826 (148 S. E. 608), this court said: "Burglary and receiving the fruits of burglary are of the same nature. Each is a felony, and in each the same quantum of punishment would follow conviction." In each count in this indictment the charge against the accused is the same—cattle stealing, simple larceny, and the same punishment would follow a conviction on each count. The indictment is good, and it is not necessary that it should charge that the offenses "constitute one and the same transaction." See *Freeman* v. *State,* 35 *Ga. App.* 223 (132 S. E. 782); *Sewell* v. *State,* 23 *Ga. App.* 765 (2) (99 S. E. 320); *Belcher* v. *State,* 19 *Ga. App.* 439 (91 S. E. 879).

■ From the facts and circumstances connected with the motion to continue, including the statement of the presiding judge, it does not appear that the judge abused his discretion in refusing the continuance. See *Easterling* v. *State,* 12 *Ga. App.* 690 (78 S. E. 140); *Curry* v. *State,* 17 *Ga. App.* 377 (87 S. E. 685).

■ The court did not err in charging the jury that "Before you would be authorized to convict on circumstantial evidence alone, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." The foregoing excerpt from the charge was not erroneous in that "the court failed to charge the jury, in connection with the law of circumstantial evidence, that if the jury should have any reasonable doubt in their minds as to whether defendant was guilty under the rules of circumstantial evidence, it would be the duty of the jury to give to the defendant the benefit of any doubt they might have as to any other reasonable hypothesis in the case." See *Walker* v. *State,* 33 *Ga. App.* 598 (127 S. E. 476), and cit.; *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502), and cit. "Where the trial judge has once in his general charge fully and correctly stated the law of reasonable doubt, it is not necessary that he shall repeat his instructions upon this subject in connection with each new proposition laid down." *Goodin* v. *State,* 126 *Ga.* 560 (3) (55 S. E. 503). See also *Thompson* v. *State,* 20 *Ga. App.* 176 (4) (92 S. E. 959).

■ Ground 10 of the motion for a new trial is based upon alleged newly discovered evidence, and names as the witnesses furnishing this evidence Allen Wheeler, John Murphey, Jeremiah Cochran, Forrest Williams, Nina Mae Vick, and Jessie Vick. The evidence of Allen Wheeler can not in any sense of the word be such newly discovered evidence as will furnish a ground for a new trial; for this ground of the motion itself shows that at the time of the conversation between Wheeler and Virly Vick, the latter was in an automobile with the accused and then rode with him to Camilla. "Where a defendant in a criminal case was aware of the presence of a witness during a conversation, and took no steps to secure his testimony at the trial, though he was accessible, a discovery after the trial of what such person would testify as to the conversation, is not newly discovered evidence such as will furnish a ground for new trial." *Doyal* v. *State,* 70 *Ga.* 134 (10). See *Matthis* v. *State,* 33 *Ga.* 24 (5); *Duncan* v. *State,* 9 *Ga. App.* 874 (2) (72 S. E. 433); *Aycock* v. *State,* 38 *Ga. App.* 195 (6) (143 S. E. 573). Moreover, the alleged newly discovered evidence of this witness is cumulative and impeaching. See *Rowland* v. *State,* 39 *Ga. App.* 669 (148 S. E. 312); *Southern Fertilizer &c. Co.* v. *Carter,* 21 *Ga. App.* 282 (2, a) (94 S. E. 310).

The alleged newly discovered evidence of John Murphey relates to a conversation between Murphey and Virly Vick in which Murphey spoke to Vick about a case in court in which Vick was accused of stealing some cows from G. C. Smith and Wade Cochran, in conjunction with B. H. Gaulden, and the following is alleged to have occurred: "So I [Murphey] asked Virley if he was not afraid that the case was going to give him trouble. He replied 'No, I am not afraid at all;' and I said, 'Well, I don't see why you are not afraid;' and then Virley told me that the reason he was not afraid was that he had some close white friends who had guaranteed him that he would not be hurt in that case provided he would convict Mr. B. H. Gaulden and Will Cochran." The alleged newly discovered evidence of Forrest Williams is practically the same as that of John Murphey. The evidence of these two witnesses, should a new trial be granted, would be of no avail to plaintiff in error, because it would not be admissible in evidence upon another trial.

The evidence of Jeremiah Cochran relates to a conversation be-

tween Cochran and Virley Vick relative to the ownership of a certain truck and the cows with which it was loaded. The ownership of the truck can not play a part in this case, and what was said relative to the cows was plainly impeaching in its nature.

The alleged newly discovered evidence of Nina Mae Vick and Jessie Vick is also impeaching in its nature. Quoting from *Arwood* v. *State,* and citing a number of other cases, this court in *Key* v. *State,* 21 *Ga. App.* 796 (95 S. E. 321), said: "Though the witness sought to be impeached by newly discovered evidence was the only witness against the prisoner upon a vital point in the case, if the sole effect of the evidence would be to impeach the witness a new trial will not be granted."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*