## 22766.   WEBB *v.* THE STATE.

DECIDED SEPTEMBER 14, 1933.

*R. Douglas Feagin, J. E. Feagin,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BROYLES, C. J.   The indictment in this case charged in five separate counts four separate robberies and one separate attempt to·rob, it being alleged in the indictment that the five crimes were committed at different times and places and upon different persons, and there being no allegation that the separate offenses charged had some continuity of purpose or intent, so as to make them a part of a general plan or scheme.   Upon the hearing of the case the defendant insisted upon the following demurrer: "The indictment seeks to join in one indictment, in five separate counts, five separate and distinct criminal charges and transactions involving distinct and separate offenses alleged to have been committed at separate and distinct times and against separate and distinct persons or individuals, which is not permitted in the same indictment, as all of said charges are felonies, and it is not permissible in any case to try a defendant on the same indictment for more than one distinct felony.   The indictment should be quashed unless the State shall strike from said indictment four of said counts charging separate and distinct felonies and proceed against the defendant on only one felony charge."

The Supreme Court, in answer to a certified question from this

court, held that the five offenses were properly charged in the five counts of the indictment, and that, as all of the offenses so charged "were of the same species, it was unnecessary to allege that the separate offenses had a continuity of purpose or intent, so as to make them a part of a general plan or scheme," and that the indictment was not subject to the demurrer interposed. For the opinion of the Supreme Court see *Webb* v. *State*, 177 *Ga.* 414 (170 S. E. 252). In the opinion of the Supreme Court it is stated that "any question as to the duty of the court to require an election by the solicitor-general as to the count or counts upon which he will proceed, or as to any right of the defendant to insist upon such election," is not passed upon. The learned counsel for the accused insists, that notwithstanding the opinion of the Supreme Court in this case, the trial court erred in overruling the defendant's "timely motion to quash the indictment, unless the State were required to elect which charge it would try the defendant on." We can not agree with this contention. The principle of the same contention was virtually embraced within the last sentence of the demurrer (which the Supreme Court ruled was without merit), to wit, "The indictment should be quashed unless the State shall strike from said indictment four of said counts charging separate and distinct felonies and proceed against the defendant on only one felony charge." Moreover, it is well-settled law that in passing upon such an indictment, it is within the sound discretion of the court to require, or not to require, the solicitor-general to elect upon which count he will proceed. Wharton's Cr. Pl. & Pr. (8th ed.) §§ 285, 286, 295; *Gilbert* v. *State,* 65 *Ga.* 449; *Lascelles* v. *State,* 90 *Ga.* 347 (4), 375 (16 S. E. 945, 35 Am. St. R. 216); *Mitchell* v. *State,* 6 *Ga. App.* 554, 556; *State* v. *Hogan, R. M. Charlton,* 474; *Sewell* v. *State,* 23 *Ga. App.* 765 (2) (99 S. E. 320); *Gaulden* v. *State,* 41 *Ga. App.* 635 (1 *a*), 636, 637 (154 S. E. 209), and cit.; Ben *v.* State, 22 Ala. 9 (58 Am. D. 234, 248, and cit.); Hughes Cr. L. & Proc. § 2713; Lowe *v.* State, 134 Ala. 154 (32 So. 273); Pointer *v.* United States, 151 U. S. 396 (14 Sup. Ct. 410, 38 L. ed. 208). It is true that in some jurisdictions the ruling appears to be contrary to that just stated, but the present holding is supported by the decisions of the Supreme Court of the United States and of the Supreme Court of this State; and therefore we hold that the trial court did not abuse its discretion in overruling the motion to quash the indictment.

The assignment of error upon the overruling of the special demurrer to the indictment is not argued or insisted on in the brief of counsel for the plaintiff in error; and therefore it is treated as abandoned. Ground 1 of the first amendment to the motion for a new trial is merely an elaboration of the general grounds of the motion, and the remaining ground of that amendment is expressly abandoned in the brief of counsel for the plaintiff in error. Ground 1 of the second amendment to the motion for a new trial is merely an elaboration of the general grounds; and the other ground of that amendment, complaining of an excerpt from the charge of the court, shows no error harmful to the accused.

The circumstantial evidence connecting the accused with the five separate offenses charged was sufficient to authorize the jury to find that in each offense it excluded every *reasonable* hypothesis save that of his guilt; and the refusal to grant a new trial was not error.          *Judgment affirmed.     MacIntyre, J., concurs.*

GUERRY, J., concurring specially. In view of the opinion of the Supreme Court in answer to the certified questions in this case I am concurring in the opinion rendered, but not in what is said therein. It is expressly stated by the Supreme Court that they are "not concerned with any question as to the duty of the court to require an election by a solicitor-general as to the count or counts upon which he will proceed, or as to any right of the defendant to insist upon such election." In the demurrer and motion to quash the indictment filed by the defendant in the court below this language is used: "The indictment should be quashed unless the State shall strike from said indictment four of said counts charging separate and distinct felonies and proceed against the defendant on only one felony charge." Strictly speaking this is not a motion to require the State to elect; and if it were so treated I think it should be sustained. In the majority opinion it is said that the trial court did not err in overruling defendant's "timely motion to quash the indictment unless the State were required to elect which charge it would try the defendant on." In the case of *Gilbert v. State,* 65 *Ga.* 449, it is said: "If two distinct offenses are charged in the same indictment, and no exception is taken thereto by demurrer, the defendant may, nevertheless, demand that the State elect on which it will proceed. If the indictment shows the difference in the charges, the election may be made when it is read;

if the difference appears from the evidence, the election may then be made; but it must be called for before the defendant opens his case." The court in exercising its discretion as to compelling the prosecutor to elect is governed by the question as to whether the prisoner will be confounded in his defense, prejudiced in his challenges, or whether the attention of the jury is distracted by such joinder. Necessarily the question as to the number of strikes presents itself. A juror might have a bias or prejudice as to one count and not as to the other and yet be subject to challenge. I am concurring for the reason that I do not think that the question of election was properly made, but I do not concur with the language used in the majority opinion.