31618.   IVESTER *v.* THE STATE.

DECIDED SEPTEMBER 4, 1947.

*James H. Dodgen,* for plaintiff in error.

*Paul Webb, Solicitor-General, James W. Dorsey, J. Walter Le-Craw,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The offenses of burglary and receiving the fruits thereof with full knowledge of the facts are both felonies. See Code, §§ 26-2402, 26-2620. "An indictment can properly contain a count for burglary and one for receiving stolen goods knowing them to be stolen, when

the articles were knowingly received from the person who committed the burglary and were taken from the store at the time it was burglarized." *Benford* v. *State,* 39 *Ga. App.* 826 (1) (supra). The *Benford* case and the instant case are distinguishable from the case of *Gilbert* v. *State,* 65 *Ga.* 449, in which the court held exactly to the contrary because at the time of the decision of the court in the *Gilbert* case, the offense of burglary was a felony and the offense of receiving stolen goods was a misdemeanor. Now, and at the time of the decision in the *Benford* case, the burglary and the receiving of the fruits thereof with full knowledge by the person so receiving are both felonies.

Accordingly, the indictment is not subject to demurrer for the joining of the offenses of burglary with those of receiving stolen goods.

The indictment is likewise not subject to demurrer for the joining of two separate and distinct charges of burglary. See *Webb* v. *State,* 177 *Ga.* 414 (supra); *Webb* v. *State,* 47 *Ga. App.* 505 (supra), and citations.

The judgment of the trial court overruling the demurrer is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*