1. (a) An indictment can properly contain a count for burglary and one for receiving stolen goods knowing them to be stolen, when the articles were knowingly received from the person who committed the burglary and were taken from the store at the time it was burglarized.
(b) An indictment so alleging and at the same time alleging that the principal was unknown to the grand jury is not subject to demurrer on the ground of misjoinder of the offenses of burglary and receiving stolen goods, knowing them to be the fruit of the burglary from the person committing the same. See Benford v. State, 39 Ga. App. 826
(148 S.E. 608); Belton v. State, 21 Ga. App. 792 (95 S.E. 299); Suggs v. State, 59 Ga. App. 394 (1 S.E.2d 39).
2. Two or more felonies may properly be charged in separate counts in one indictment, though the offenses be committed at different times and places, and involve transactions with different persons, where the crimes charged, though differing in degree and varying in the punishment to be inflicted for their perpetration, are of the same general nature, and the mode of trial is the same. Such an indictment is not subject to general demurrer; and it is within the sound discretion of the court to require, or not to require, the solicitor-general to elect upon which count he will proceed. Webb v. State, 177 Ga. 414 (170 S.E. 252); Webb v. State, 47 Ga. App. 505
(170 S.E. 827).
 DECIDED SEPTEMBER 4, 1947.
The indictment in this case contains 4 counts against E. L. Ivester. Count 1 charges him with burglary, for that on November 27, 1946, with force and arms he did break and enter the tool house and place of business of A. C. Johnson where valuable goods were contained with intent to steal, and after breaking and entering as aforesaid he did wrongfully, fraudulently, and privately take, steal, and carry away with intent to steal same certain described personal property. *Page 601 
Count 2 of said indictment charges Ivester with receiving stolen goods, for that the said accused, on November 27, 1946, did have, buy, and receive from some person, who is to the grand jurors unknown, the same property as described in count 1 as the property of Arthur Gould and as having by said unknown person been taken from the place alleged to have been burglarized in count 1. Count 2 further alleges that the accused well knew at the time accused had so bought and received said property from said unknown person that the same had been so burglariously stolen and carried away as aforesaid by said unknown person; the principal thief has not been tried and convicted for the above described burglary for the reason that he is to the grand jurors unknown.
Count 3 of the indictment charges the said accused with burglary on December 30, 1946, in connection with the breaking and entering of the tool house and place of business of Sharp 
Bickerstaff Contractors Inc. with the intent to steal, and that he did take, steal, and carry away with the intent to steal certain described personal property.
Count 4 of said indictment charges the said accused with the offense of receiving stolen goods on the same day as alleged in count 3, for having received from some person who is to the grand jurors unknown the same property described in count 3. Count 4 contains all the allegations relating to count 3 as are contained in count 2 relating to count 1.
The accused interposed a general demurrer to the indictment on the grounds that counts 1 and 2 are repugnant to each other, that counts 3 and 4 are repugnant to each other, and that counts 1 and 2 charge an offense entirely different, separate, and distinct from the offenses charged in counts 3 and 4.
On March 27, 1947, the presiding judge of the superior court overruled said demurrer. Error is assigned on this judgment.
The offenses of burglary and receiving the fruits thereof with full knowledge of the facts are both felonies. See Code, §§ 26-2402, 26-2620. "An indictment can properly contain a count for burglary and one for receiving stolen goods knowing them to be stolen, when *Page 602 
the articles were knowingly received from the person who committed the burglary and were taken from the store at the time it was burglarized." Benford v. State, 39 Ga. App. 826 (1) (supra). The Benford case and the instant case are distinguishable from the case of Gilbert v. State, 65 Ga. 449, in which the court held exactly to the contrary because at the time of the decision of the court in the Gilbert case, the offense of burglary was a felony and the offense of receiving stolen goods was a misdemeanor. Now, and at the time of the decision in the Benford case, the burglary and the receiving of the fruits thereof with full knowledge by the person so receiving are both felonies.
Accordingly, the indictment is not subject to demurrer for the joining of the offenses of burglary with those of receiving stolen goods.
The indictment is likewise not subject to demurrer for the joining of two separate and distinct charges of burglary. SeeWebb v. State, 177 Ga. 414 (supra); Webb v. State,47 Ga. App. 505 (supra), and citations.
The judgment of the trial court overruling the demurrer is without error.
Judgment affirmed. MacIntyre, P. J., and Gardner, J.,concur.