### 40829. LAW v. THE STATE.

HALL, Judge. The defendant was indicted in two counts, for knowingly receiving a stolen automobile (*Code Ann.* § 26-2620) and for possessing an automobile knowing that the identification number had been altered with the intent to conceal the identity of the automobile (*Code Ann.* § 68-434a (d)). Both crimes are felonies. When the case was called for trial the defendant made a motion that the two counts of the indictment be severed and that the State be required to elect which count it would proceed to try. The defendant assigns error on the trial court's overruling of this motion and of his motion for new trial. *Held:*

1. The trial court did not err in overruling the defendant's motion to require the State to elect to try one of the two counts of the indictment. When an indictment is drawn in more than one count, each charging a crime of the same degree and the same nature, the State is not required to elect upon which count to try the defendant. *Bulloch v. State,* 10 Ga. 46, 59; *Hoskins v. State,* 11 Ga. 92, 95; *Williams v. State,* 72 Ga. 180; *Sims v. State,* 110 Ga. 290 (34 SE 1020) ; *Walker v. State,* 118 Ga. 772 (45 SE 621) ; *Sutton v. State,* 124 Ga. 815 (53 SE 381) ; *Mitchell v. State,* 6 Ga. App. 554, 557 (65 SE 326) ; *Braxley v. State,* 17 Ga. App. 196, 197 (86 SE 425) ; *Warren v. State,* 32 Ga. App. 359 (123 SE 182) ; *Freeman v. State,* 35 Ga. App. 223 (132 SE 782) ; *Benford v. State,* 39

Ga. App. 826 (148 SE 608); *Gaulden v. State,* 41 Ga. App. 635 (154 SE 209); *Webb v. State,* 47 Ga. App. 505 (170 SE 827); *Ivester v. State,* 75 Ga. App. 600 (44 SE2d 61).

2. The trial court did not err in overruling the defendant's motion for new trial which was on the special ground that the trial court erred in admitting "certain testimony which defendant contends was illegally obtained, without the use of a search warrant" by which the defendant "was denied due process of law, under the Fourteenth Amendment of the Constitution of the United States." "A ground of a motion for new trial which, in order to be understood requires a consideration of the evidence, must either set forth the evidence relied upon or point out where in the record such evidence may be found." *Craig v. State,* 105 Ga. App. 244 (124 SE2d 302); *Toler v. State,* 213 Ga. 12, 13 (96 SE2d 593); *Thurmond v. State,* 108 Ga. App. 641 (134 SE2d 511). "A ground of a motion for new trial complaining of the introduction of evidence that fails to show that any objection was made to the introduction of such evidence on the trial of the case is incomplete and cannot be considered." *Perry v. State,* 105 Ga. App. 776 (125 SE2d 666).

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED SEPTEMBER 24, 1964.

*George G. Finch,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Robert Sparks, J. Walter LeCraw,* contra.